<div style="float:left">United States District Court
For the Northern District of California</div>

1
2
3
4
5
6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9  ELECTRONIC ARTS INC,  No. C 06-03403 JSW
10      Plaintiff,
      **ORDER SETTING CASE**
11  v.  **MANAGEMENT CONFERENCE AND**
    **REQUIRING JOINT CASE**
12  GIANT PRODUCTIONS,  **MANAGEMENT CONFERENCE**
    **STATEMENT**
13      Defendant.
                                             /
14
15  TO ALL PARTIES AND COUNSEL OF RECORD:
16      The above matter having been assigned to the Honorable Jeffrey S. White, it is hereby
17  ordered that, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, a Case Management
18  Conference shall be held in this case on September 29, 2006, at 1:30 p.m., in Courtroom 2, 17th
19  Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.
20      Plaintiff(s) shall serve copies of this Order immediately on all parties to this action, and on
21  any parties subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5. Following service,
22  plaintiff(s) shall file with the Clerk of the Court a certificate reflecting such service, in accordance
23  with Civil L. R. 5-6(a).
24      The parties shall appear through lead counsel to discuss all items referred to in this Order and
25  with authority to enter stipulations, to make admissions and to agree to further scheduling dates.
26      The parties shall file a joint case management statement and proposed order no later than **five**
27  **(5) court days** prior to the conference. If any party is proceeding without counsel, separate
28  statements may be filed by each party. Any request to reschedule the date of the conference shall be
    made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the

conference and must be based upon good cause. Lead counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth below. The statements shall not exceed twelve (12) pages in length and shall address the following items in the following order:

1. A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served;

2. A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings;

3. A brief description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for decision by motion or by agreement;

4. A brief description of the procedural history of the matter, including a list of all pending motions and their current status;

5. A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26;

6. A formal, agreed-upon plan of the discovery each party intends to pursue, including, but not limited to, based upon the nature of the case, the scope and duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to obtain from the other to prove their claims or defenses;

7. A brief description of the motions each party intends to pursue before trial, the extent to which new parties will be added or existing parties deleted, and the extent to which evidentiary, claim-construction or class certification hearings are anticipated;

8. A brief description of the relief sought, including the method by which damages are computed;

9. ADR efforts to date and a specific ADR plan for the case, whether the parties have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects for settlement including whether either party wishes to have a settlement conference with another judge or magistrate;

10. Whether all parties will consent to assignment of the case to a magistrate judge to conduct all further proceedings including trial;

11. Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, experts and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence;

12. A service list for all counsel, including telephone and facsimile numbers;

13. To the extent not specifically addressed above, all other items set forth in Civil L. R. 16-10.

14. In order to assist the Court in evaluating any need for disqualification or recusal, the parties shall disclose to the Court the identities of any person, associations, firms, partnerships, corporations or other entities known by the parties to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding. If disclosure of non-party interested entities or persons has already been made as required by Civil L. R. 3-16, the parties may simply reference the pleading or document in which the disclosure was made. In this regard, counsel are referred to the Court's Recusal Order posted on the Court website at the Judges Information link at www.cand.uscourts.gov.

1 **IT IS SO ORDERED.**

2 Dated: May 30, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE