KEKER & VAN NEST, LLP
R. JAMES SLAUGHTER - #192813
RYAN M. KENT - #220441
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiffs
ELECTRONIC ARTS INC. and ELECTRONIC ARTS MUSIC PUBLISHING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC ARTS INC., a Delaware Corporation, and ELECTRONIC ARTS MUSIC PUBLISHING, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GIANT PRODUCTIONS, a French Corporation, NAJIB MARC REGHAY, an individual, and ALEXANDRA BERTHET, an individual,<br><br>Defendants. | Case No. C06-3403 JSW<br><br>**DECLARATION OF RYAN M. KENT IN SUPPORT OF REQUEST TO ENTER DEFAULT AGAINST GIANT PRODUCTIONS** |

I, RYAN M. KENT, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate in the law firm of Keker & Van Nest, LLP, counsel for Plaintiffs Electronic Arts Inc. and Electronic Arts Music Publishing, Inc. (collectively "EA") in the above-captioned matter. Except as otherwise noted, I have personal knowledge of the facts stated in this Declaration, and if called as a witness I could and would competently testify to them under oath.

2. On May 24, 2006, EA filed the Complaint against defendant Giant Productions. EA elected to request waiver of service from Giant Productions. Counsel for EA thus sent a letter by email and federal express to counsel for Giant Productions enclosing a request for waiver of formal service of process and explaining the procedure set forth in Rule 4(d). Specifically, the letter informed counsel that:

> This procedure is intended to reduce the costs that adhere to formally serving process. By agreeing to accept service, you will grant your clients an extension of time that your clients must respond to the Complaint to 90 days from the date when the request for waiver was sent. On the other hand, if you refuse to do so, we will serve the Complaint by formal means and the law requires your clients pay the costs of such formal service absent "good cause" for refusal. If you wish to confirm my brief summary of the law, you may review Federal Rule of Civil Procedure 4, which governs requests to waive formal service of process.

The letter concluded by requesting that counsel "sign and date the waiver of formal service of process as indicated on those forms and return them to us using the self-addressed envelope provided." The request for waiver of service complied in every way with Rule 4(d).

3. Giant Productions agreed to waive service and returned an executed waiver of service to EA. EA filed that executed waiver on June 5, 2006. Giant Productions, however, has not filed a responsive pleading.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California, on September 21, 2006.

                                                  /s/ Ryan Kent
                                             RYAN M. KENT