1  KEKER & VAN NEST, LLP
   R. JAMES SLAUGHTER - #192813
2  RYAN M. KENT - #220441
   710 Sansome Street
3  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
4  Facsimile:  (415) 397-7188

5
   Attorneys for Plaintiffs
6  ELECTRONIC ARTS INC. and ELECTRONIC ARTS MUSIC
   PUBLISHING, INC.
7

8
                    UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10                     SAN FRANCISCO DIVISION

11

12  ELECTRONIC ARTS INC., a Delaware          Case No.  C06-3403 JSW
    Corporation, and ELECTRONIC ARTS
13  MUSIC PUBLISHING, INC., a Delaware
    Corporation,                              EA'S SEPARATE CASE MANAGEMENT
14                                            CONFERENCE STATEMENT AND
                            Plaintiffs,       [PROPOSED] CASE MANAGEMENT
15                                            ORDER
           v.
16                                            Date:   September 29, 2006
    GIANT PRODUCTIONS, a French               Time:  1:30 p.m.
17  Corporation, NAJIB MARC REGHAY, an        Courtroom:    2
    individual, and ALEXANDRA BERTHET, an     Judge:     Hon. Jeffery S. White
18  individual,

19                          Defendants.

20

21

22         Plaintiffs Electronic Arts Inc. and Electronic Arts Music Publishing, Inc. ("EA") submit

23  this Separate Case Management Statement and Proposed Order and request that the Court adopt

24  the Proposed Order as its Case Management Order in this case.  This case management statement

25  is not jointly submitted.  Defendants Giant Productions, Mr. Reghay, and Ms. Berthet have failed

26  to respond to EA's attempts to meet and confer and thus have not approved the statements

27  herein.

28

380288.01

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.     Jurisdiction of the Court

Subject matter jurisdiction for this action arises under 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties.  Electronic Arts Inc. and Electronic Arts Music Publishing, Inc. are corporations organized and existing under the laws of the State of Delaware with their principal places of business in Redwood City, California.  Giant Productions is a French corporation, and the individual  defendants Reghay and Berthet reside in Paris, France.  Further, the amount in controversy exceeds $75,000 exclusive of interest and costs.

The Court also has personal jurisdiction over the Defendants.  Personal jurisdiction is proper because Defendants consented to jurisdiction in the State of California.  In license agreements between the parties—which are at issue here as explained below—the Defendants agreed that: "[a]ny controversy arising hereunder shall be adjudicated in a court of competent jurisdiction, located within the state of California and Licensor expressly consents to jurisdiction therein."  Further, Defendants have purposely availed themselves of the benefits of doing business in California and have engaged in intentional conduct directed towards California by soliciting business from California-based companies by entering into contracts with EA to license the rights to a particular musical composition which are the subject of this action.

No issue exists regarding venue in this judicial district.  Venue is proper under 28 U.S.C. § 1391(d) because defendants are aliens who can be sued in any district.

Finally, all Defendants have been served.

### 2.     A Brief Description of the Action

EA develops, publishes and distributes interactive entertainment software products, including FIFA 2005—an interactive soccer simulation game.  As a part of such games, EA often licenses and otherwise acquires the rights to certain sound recordings which it incorporates into play during operation of the game.

Around January 2004, EA approached Reghay and Berthet to negotiate and obtain the legal rights to their composition entitled "A Necessidade" (the "Composition") in *FIFA 2005*.  Following more than two months of negotiations, EA, Reghay, Berthet and their production

company Giant Productions entered into three agreements that granted EA all of the rights under copyright to the Composition and the master recordings of the Composition.  Those three agreements were: (1) an Assignment of Copyright (the "Assignment"); (2) an Interactive Media Synchronization and Performance License (the "Synch License Agreement"); and (3) an Interactive Media Master Use and Performance License (the "Master License Agreement").  EA entered into the Synch License and Master License Agreements with Giant Productions on the instruction of Reghay acting on behalf of himself and Berthet.  Indeed, Reghay executed the Synch License and Master License Agreements as the president of Giant Productions having represented to EA that he had power of attorney to sign for Giant Productions.

In each of the Synch License and Master License Agreements, Giant Productions warranted that it "owns, controls or administers 100% of the rights under copyright in and to the Master, throughout the [world]" and that it would indemnify and hold EA harmless against any claims inconsistent with that representations.  Further, each Agreement included an express forum-selection clause specifying that: "[a]ny controversy arising hereunder shall be adjudicated in a court of competent jurisdiction, located within the state of California and Licensor expressly consents to jurisdiction therein."

Despite their Agreements with EA, Reghay and Berthet brought a writ of summons before the Paris Court of First Instance (the "French Action") eighteen months after EA incorporated the composition in *FIFA 2005*.  The French Action alleged, *inter alia*, that inclusion by EA of the Composition in *FIFA* 2005 constitutes copyright infringement because it was included without the authors' consent and that each of the Assignment, the Synch License Agreement and Master License Agreement is null and void.  At least for the Synch License Agreement, the French Action also argues that Giant Productions had no authority to license rights under copyright in and to the Composition because it did not hold those rights.

The allegations and claims in the French Action have forced EA to bring this action seeking:

(1)    declaratory judgment that Giant Productions must indemnify and hold EA

EA'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C06-3403 JSW

380288.01

harmless against any and all claims which arise out of the French Action;

(2)      judgment that Giant Productions breached the Synch License and Master License Agreements by failing to indemnify and hold EA harmless;

(3)      declaratory judgment against all Defendants that the Assignment, Synch License Agreement and Master License Agreement are valid and enforceable; and

(4)      injunctive relief against Reghay and Berthet to prohibit them from proceeding with the French Action in contravention of forum-selection clauses in the Synch License and Master License Agreements.

**3.      The Principal Legal Issues In Dispute**

As of the case management conference, the principal legal issue is whether the Court should enter a default judgment. EA filed the Complaint commencing this case on May 24, 2006. EA elected to request waiver of service from Defendants, and thus, on May 26, 2006, sent through reliable means requests to waive service in accordance with Rule 4(d). Each Defendant agreed to waive service and returned executed waivers of service. EA filed those executed waivers on June 5, 2006.

Pursuant to Rule 4(d)(3), the Defendants had 90 days after the date on which the request for waiver of service was sent to respond—August 25, 2006. However, Defendants failed to file any such responsive pleading. On September 12, 2006, EA thus asked the Clerk to enter default in this matter. The Clerk did so as to defendants Reghay and Berthet on September 20, 2006, and as to defendant Giant Productions on September 22, 2006. Now, EA respectfully requests that this Court to enter default judgment.

**4.      The Procedural History of the Matter**

As described above, the Complaint was filed on May 24, 2006. Defendants have not yet responded to the Complaint. Accordingly, the Clerk entered default in this matter on as to defendants Reghay and Berthet on September 20, 2006, and as to defendant Giant Productions on September 22, 2006.

4

**5.     The Scope of Discovery to Date**

Because Defendants have refused to meet and confer regarding these issues, the parties have neither begun to take discovery nor complied with the initial disclosure requirements of Fed. R. Civ. Proc. 26.

**6.     Formal, Agreed-Upon Discovery Plan**

Because Defendants have ignored EA's attempts to meet and confer, the parties have not agreed upon a particular discovery plan.

**7.     Expected Proceedings**

(i)     *Motions Each Party Intends to Pursue Before Trial*

As mentioned previously, EA seeks a default judgment that would resolves this matter.

(ii)     *The Additional Parties Which The Below-Specified Parties Intend To Join And The Intended Time Frame For Such Joinder*

EA has no intention of joining any other parties.

(iii)     *Extent of Evidentiary, Claim-Construction or Class Certification Hearings*

EA does not believe that the Court will need an evidentiary, claim-construction or class-certification hearing.

**8.     Relief Sought**

EA seeks the following relief:

1.     An Order declaring that Giant must indemnify or hold EA harmless against the claims asserted in the French Action as well as against any liabilities, losses, damages or expenses (including reasonable attorneys' fees and court costs) arising out of those claims;

2.     A judgment that Giant has breached the Synch License and Master License Agreements by refusing to indemnify or hold EA harmless against the claims asserted in the French Action;

3.     A judgment for any and all damages incurred by EA as a result of the breach of the Synch License and the Master License Agreements by Giant;

4.     An Order compelling Defendants to tender payment for any and all attorneys' fees and costs incurred by EA to date as a result of its defense of the French Action;

5

380288.01

5.      An Order compelling Defendants to pay the attorneys' fees and costs going forward as such fees and costs are incurred by EA as a result of its defense of the French Action;

6.       An Order declaring that each of the Assignment of Copyright, the Synch License Agreement, and the Master License Agreement is valid and enforceable;

7.      An Order enjoining Reghay and Berthet from proceeding with the French Action;

8.      A judgment for pre-judgment interest and costs of suit as provided for by law; and

9.      An award of EA's reasonable attorneys' fees and expenses incurred in bringing this claim.

**9.      ADR**

The parties have not filed a Stipulation and Proposed Order Selecting an ADR Process at this time.

**10.     Consent To Assignment Of This Case To A United States Magistrate Judge for Trial**

The parties have not agreed to consent to assignment of this case to a United States Magistrate Judge.

**11.     Proposed Deadlines and Court Dates**

Because Defendants have ignored EA's attempts to meet and confer, the parties have not yet agreed upon proposed deadlines and court dates.

**12.     Counsel Service List**

**(i)      Counsel for EA**

KEKER & VAN NEST, LLP
R. James Slaughter
Ryan M. Kent
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
rjs@kvn.com
rmk@kvn.com

380288.01

1

              (ii)     **Counsel for Defendants**

2

Béatrice Dubreuil

3
Association d'Avocats

121, Champs Elysées
4
75008 PARIS – FRANCE
5
bdubreuil@dubreuilmaktouf.com

6
    **13.**    **Disclosure Statement**

7
       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

8
named parties, EA has no such interest to report.

9

Dated:  September 22, 2006            KEKER & VAN NEST, LLP
10

11

12
                        By    /s/ R. James Slaughter

13

14

15
    **IT IS SO ORDERED.**

16

17
Dated:_____

18
                         _____

Hon. Jeffery S. White
19

20

21

22

23

24

25

26

27

28

EA'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C06-3403 JSW

380288.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On September 22, 2006, I served the following document(s):

**EA'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**

☑  by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

> Béatrice Dubreuil
> Association d'Avocats
> 121, Champs Elysées
> 75008 PARIS – FRANCE

Executed on September 22, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Maureen L. Stone
MAUREEN L. STONE