KEKER & VAN NEST, LLP
R. JAMES SLAUGHTER - #192813
RYAN M. KENT - #220441
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiffs
ELECTRONIC ARTS INC. and ELECTRONIC ARTS MUSIC PUBLISHING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC ARTS INC., a Delaware Corporation, and ELECTRONIC ARTS MUSIC PUBLISHING, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GIANT PRODUCTIONS, a French Corporation, NAJIB MARC REGHAY, an individual, and ALEXANDRA BERTHET, an individual,<br><br>Defendants. | Case No. C06-3403 JSW<br><br>**DECLARATION OF RYAN M. KENT IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT** |

1  I, RYAN M. KENT, declare and state as follows:

2  1. I am an attorney licensed to practice law in the State of California and am an associate in the law firm of Keker & Van Nest, LLP, counsel for Plaintiffs Electronic Arts Inc. and Electronic Arts Music Publishing, Inc. (collectively "EA") in the above-captioned matter. Except as otherwise noted, I have personal knowledge of the facts stated in this Declaration, and if called as a witness I could and would competently testify to them under oath.

2. On May 24, 2006, EA filed the Complaint against Defendants Giant Productions, Najib Reghay, and Alexandra Berthet. EA elected to request waivers of service from Defendants. Counsel for EA thus sent a letter by email and federal express to counsel for Defendants enclosing requests for waiver of formal service of process and explaining the procedure set forth in Rule 4(d). Specifically, the letter informed counsel that:

> This procedure is intended to reduce the costs that adhere to formally serving process. By agreeing to accept service, you will grant your clients an extension of time that your clients must respond to the Complaint to 90 days from the date when the request for waiver was sent. On the other hand, if you refuse to do so, we will serve the Complaint by formal means and the law requires your clients pay the costs of such formal service absent "good cause" for refusal. If you wish to confirm my brief summary of the law, you may review Federal Rule of Civil Procedure 4, which governs requests to waive formal service of process.

The letter concluded by requesting that counsel "sign and date the waiver of formal service of process as indicated on those forms and return them to us using the self-addressed envelope provided." The requests for waiver of service complied in every way with Rule 4(d).

3. Each Defendant agreed to waive service and returned an executed waiver of service to EA. EA filed the executed waivers for defendant Reghay and Berthet on June 5, 2006, and for defendant Giant Productions on September 20, 2006.

4. Because Defendant had not filed a responsive pleading, EA asked the Clerk enter default in this matter. The Clerk did so as to defendants Reghay and Berthet on September 20, 2006, and as to defendant Giant Productions on September 22, 2006. EA served both the Requests for Entry of Default and the Clerk's Notices of Entry of Default on Defendants. EA also served its Separate Case Management Statement—which stated EA's intention to seek default judgment—on Defendants. Through the date of this filing, Defendants have still not filed

1  a responsive pleading.

2      5.    I am familiar with the fees and costs incurred by EA in defending itself from the
3  claims raised in the French Action and in prosecuting this action. I have reviewed the invoices
4  submitted by EA's French counsel—Bignon Lebray & Associés—to EA in defense of the French
5  action. EA has incurred $12,763.61 in attorneys' fees and costs arising out of the representation
6  by its counsel of record in the French Action. I have also reviewed the invoices submitted by my
7  firm for attorneys' fees and costs arising out of the representation of EA in this action. EA has
8  incurred $22,764.69 in fees and costs to date in this action.

9      I declare under penalty of perjury that the foregoing is true and correct and that this
10 declaration was executed at San Francisco, California, on December 8, 2006.

12                       /s/ Ryan Kent
                      RYAN M. KENT